IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 23, 2012

## STATE OF TENNESSEE v. LATROY LEE ROBERTSON

**Appeal from the Criminal Court for Davidson County**
**Nos. 2006-C-2088, 2007-A-794     Steve R. Dozier, Judge**

_____

**No. M2011-00424-CCA-R3-CD - Filed March 15, 2012**

_____

In this delayed appeal, the defendant contends that the trial court erred by imposing a fully-incarcerative sentence of 12 years following his pleas of guilty to three counts of the sale of .5 grams or more of cocaine and three counts of the sale of 26 grams or more of cocaine. Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgments of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which D. KELLY THOMAS, JR., and JEFFREY S. BIVINS, JJ., joined.

William E. Griffith (on appeal); and Thomas A. Longaberger (at plea and sentencing), Nashville, Tennessee, for the appellant, Latroy Lee Robertson.

Robert E. Cooper, Jr., Attorney General and Reporter; Meredith Devault, Assistant Attorney General; Victor S. Johnson III, District Attorney General; and Pamela Sue Anderson, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On August 16, 2007, the defendant entered pleas of guilty to three counts of the sale of .5 grams or more of cocaine and three counts of the sale of 26 grams or more of cocaine. According to the facts as summarized by the State during the plea submission hearing, the defendant sold varying amounts of crack cocaine to a confidential informant on September 12, September 18, October 12, October 19, November 3, and November 7, 2006. Under the terms of the plea agreement, the State agreed to concurrent service of the sentences with the trial court to set the length of the sentence for each conviction between ten and 12 years and determine the manner of service of the total effective sentence. The agreement

also provided that the trial court would determine whether the defendant would serve a two-year sentence for a probation violation concurrently with or consecutively to the 12-year sentence imposed in this case.

At the sentencing hearing, Metropolitan Nashville Police Department Officer Yannick Deslauriers recounted each of the defendant's cocaine sales in detail. Officer Deslauriers testified that officers found $6,047 in cash, three sets of electronic scales with cocaine residue, two loaded nine millimeter handguns, a loaded .22 caliber revolver, and a number of plastic bags during their search of the defendant's vehicle and residences that he frequented.

The defendant's mother, Catherine Robertson, testified that the defendant lived with her sometimes and his girlfriend sometimes. She said that the defendant provided financial assistance to his girlfriend for the care of their two young children and that he often took the children to daycare while their mother worked. She recalled that he had worked at both Krystal and Burger King, but she could not remember the length of his employment. Ms. Robertson said she was aware that the defendant had smoked marijuana, having smelled it on him in the past, but she denied any knowledge of his having been convicted of any drug offenses. She was, however, aware that the defendant had been convicted of domestic assault and vandalism for an incident involving his girlfriend. Ms. Robertson acknowledged that authorities found a gun in the defendant's bedroom in her home but claimed that she did not know it was there.

Danielle Mitchell, the defendant's girlfriend, testified that she and the defendant began dating as teenagers and that they had a four-year-old son and a ten-month-old daughter. She said that the defendant paid $200 per month in court-ordered child support and that he provided an extra $800 per month in financial assistance to her and the children. Ms. Mitchell conceded that she knew the defendant made money by selling drugs. She said, however, that the defendant intended to get his graduate equivalency diploma ("GED") and go to barber school should he be given a sentence involving release into the community. Ms. Mitchell acknowledged the defendant's drug addiction and promised that she would make every effort to help the defendant "stay straight." Ms. Mitchell denied knowing that the defendant had two loaded handguns in her residence, with one in reach of her young son.

The 24-year-old defendant acknowledged selling drugs to the confidential informant and admitted that selling drugs was his only source of income. He said he had been encouraged to enter the drug trade by his supplier, Terrence Reams, and that he bought and sold a quarter of a kilogram of cocaine every three to four weeks. The defendant laid partial blame for his lifestyle on his own drug addiction and expressed a desire to enter drug treatment. The defendant said that he had begun GED classes while in jail and that he

wanted to attend barber school so that he could obtain a job.

The defendant admitted that he continued to use drugs while on bond on the charges in this case and that he garnered a new conviction for selling drugs while on bond. He acknowledged that he continued to sell drugs despite being on both bond and probation until he was eventually incarcerated.

The presentence report, which was exhibited to the sentencing hearing, established that the defendant had convictions of marijuana possession, vandalism, and domestic violence. The defendant also had juvenile adjudications for offenses that would have been felonies if committed by an adult. The report confirmed that the defendant had no source of income other than selling drugs at the time of his arrest and that he committed another drug offense while on bond for the charges in this case.

At the conclusion of the hearing, the trial court revoked the defendant's probation on his two-year sentence and ordered that sentence be served in confinement. The court took the remaining case under advisement. In a later-filed, written order the trial court imposed a sentence of 12 years for each conviction, the maximum within the range, finding that the defendant had a previous history of criminal convictions in addition to that necessary to establish the range, *see* T.C.A. § 40-35-114(1) (2006); that the defendant had failed to comply with the conditions of a sentence involving release into the community, *see id.* § 40-35-114(8); and that the defendant had juvenile adjudications that would have been felonies if committed by an adult, *see id.* § 40-35-114(16). Observing that the defendant was not eligible for probation, the trial court denied all other forms of alternative sentencing based upon the defendant's unsuccessful attempt at probation, his lack of amenability to correction, the large amount of cocaine involved, and his prior convictions for drug offenses.

In this appeal, the defendant challenges both the length and the manner of service of the sentence.[1] When considering challenges to the length and manner of service of a sentence this court conducts a de novo review with a presumption that the determinations of the trial court are correct. T.C.A. § 40-35-401(d) (2006). This presumption, however, "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). The appealing party, in this case the defendant, bears the burden of establishing impropriety in the sentence. T.C.A. § 40-35-401, Sentencing Comm'n Comments; *see also Ashby*, 823 S.W.2d at 169. If our review of the sentence establishes that the trial court duly considered "the factors and principles which are

---

[1]This case comes to this court following the trial court's grant of post-conviction relief in the form of a delayed direct appeal.

relevant to sentencing under the Act, and that the trial court's findings of fact . . . are adequately supported in the record, then we may not disturb the sentence even if we would have preferred a different result." *State v. Fletcher*, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991). In the event the record fails to demonstrate the required consideration by the trial court, appellate review of the sentence is purely de novo. *Ashby*, 823 S.W.2d at 169.

> In making its sentencing decision, the trial court was required to consider:
>
> (1) The evidence, if any, received at the trial and the sentencing hearing;
> (2) The presentence report;
> (3) The principles of sentencing and arguments as to sentencing alternatives;
> (4) The nature and characteristics of the criminal conduct involved;
> (5) Evidence and information offered by the parties on the mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114;
> (6) Any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; and
> (7) Any statement the defendant wishes to make in the defendant's own behalf about sentencing.

T.C.A. § 40-35-210(b). The trial court should also consider "[t]he potential or lack of potential for the rehabilitation or treatment of the defendant . . . in determining the sentence alternative or length of a term to be imposed." *Id.* § 40-35-103(5).

The record establishes that the trial court considered all relevant sentencing principles. The court appropriately applied the three enhancement factors, and those factors support the 12-year sentence imposed in each count. Additionally, the record supports the trial court's denial of alternative sentencing based upon the defendant's previous unsuccessful attempt at probation. *See id.* § 40-35-103(1)(C). Moreover, the presentence report confirmed that the defendant had a history of drug convictions, and the record established that his sole source of income was the sale of cocaine. Despite his claim that he wanted to begin a better life for himself, the defendant admitted that he sold and used drugs the entire time he was on bond in this case.

Accordingly, the judgments of the trial court are affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE